**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| JOHN H. DUCKETT et al., | ) | |
| Plaintiffs, | ) | |
| | ) | 3:11-cv-00465-RCJ-VPC |
| vs. | ) | |
| | ) | |
| LOANCITY et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

This is a standard foreclosure case involving one property. The Complaint filed in state court lists nine causes of action: (1) Unfair Debt Collection Practices Under Nevada Revised Statutes ("NRS") section 649.370; (2) Unfair and Deceptive Trade Practices Under NRS sections 41.600 and 598.0923; (3) Unfair Lending Practices Under NRS section 598D.100; (4) Breach of the Covenant of Good Faith and Fair Dealing; (5) Violation of NRS section 107.080; (6) Quiet Title; (7) Fraud; (8) Slander of Title; and (9) Abuse of Process. The case is not part of Case No. 2:09-md-02119-JAT in the District of Arizona but appears eligible for transfer. Defendants have moved to dismiss and to expunge the lis pendens. For the reasons given herein, the Court grants the motions as motions for summary judgment.

**I.   THE PROPERTY**

John H. and Bernadette Duckett gave lender LoanCity a $412,000 promissory note to refinance property at 3145 Eaglewood Dr., Reno, NV 89502 (the "Property"). (*See* Deed of Trust

1  ("DOT") 1–3, Dec. 20, 2006, ECF No. 4-1, at 7).  The trustee was First Centennial Title Co. of

2  Nevada ("First Centennial"), and Mortgage Electronic Registration Systems, Inc. ("MERS") was

3  the lender's "nominee." (*Id.* 1).  Plaintiffs originally purchased the Property in 2001 for

4  $187,000 and refinanced it several times, the latest time representing the current $412,000 loan.

5  (*See* Mot. Dismiss 3–4, Aug. 4, 2011, ECF No. 18).  MERS assigned the note and DOT to BAC

6  Home Loans Servicing, f.k.a. Countrywide Home loans Servicing, LP ("BAC"). (*See*

7  Assignment, June 4, 2009, ECF No. 4-1, at 23).  BAC substituted MTC Financial, Inc., d.b.a.

8  Trustee Corps ("Trustee Corps") as trustee. (*See* Substitution, June 4, 2009, ECF No. 4-1, at 30).

9  Trustee Corps filed the notice of default ("NOD") as agent for BAC based on a default of

10 unspecified amount as of August 1, 2008. (*See* NOD, May 13, 2009, ECF No. 4-1, at 27).

11 Trustee Corps noticed a trustee's sale for September 8, 2009. (*see* First Notice of Trustee's Sale

12 ("FNOS"), Aug. 18, 2009, ECF No. 4-1, at 33), and again for July 6, 2011, (*see*  Second Notice

13 of Trustee's Sale ("SNOS"), June 9, 2011, ECF No. 4-1, at 36).  At oral argument, the parties

14 indicated that the trustee's sale had been completed and that Plaintiffs had not made any

15 payments for approximately thee years.

16 **II.     ANALYSIS**

17      Most of the claims fail for reasons given in substantively similar cases.  The first issue

18 with respect to the statutory propriety of foreclosure is MERS' transfer of the note and DOT.

19 The Court had in the past challenged such transfers as potentially improper, because MERS is

20 typically not in fact a beneficiary and the scope of MERS' agency due to its designation as a

21 "nominee" on a deed of trust is not clear enough without more to indicate that a lender intends to

22 give MERS the ability to sell the beneficial interest on its behalf.  However, several defendants

23 have since brought to the Court's attention a common clause in MERS deeds of trust—also

24 present in the DOT here—that indicates an intention to give MERS the broadest possible agency

25 on behalf of the lender, including transfer of the beneficial interest. *See, e.g.*, *Smith v. Cmty.*

1   *Lending, Inc.*, 773 F. Supp. 2d 941, 942–43 (D. Nev. 2011).  The MERS assignment of the note

2   and DOT from LoanCity to BAC in this case was proper, because the DOT contains the relevant

3   agency language. *See id.*; DOT 3.

4          The second issue is the timing of the substitution of the trustee.  Trustee Corps filed the

5   NOD a month before BAC appointed Trustee Corps as the new trustee.  Without more, this

6   would indicate a statutory defect in foreclosure, because only the beneficiary, trustee, or an agent

7   of one of these may file the NOD under section 107.080(2)(c).  The Court has ruled in the past

8   that "[a] later-executed substitution of trustee making the notice of default filer the new trustee

9   before proceeding to sale is practically insurmountable evidence of ratification . . . ." *Nevada ex*

10  *rel. Bates v. MERS*, No. 3:10–cv–00407–RCJ–VPC, 2011 WL 1582945, at *5 (D. Nev. Apr. 25,

11  2011) (citing Restatement (Third) of Agency § 4.03 & cmt. b).  Such is the case here. (*See* NOD,

12  May 13, 2009, ECF No. 4-1, at 27; Substitution, June 4, 2009, ECF No. 4-1, at 30).  The Court

13  has recently indicated that it does not intend to grant motions to dismiss based on ratification, but

14  will leave this issue to summary judgment.  In the present case, the extreme inequity of further

15  stalling the disposition of the Property where it has been sold and Plaintiffs have not made any

16  payment for three years leads the Court to treat the motions as motions for summary judgment

17  and grant them.

## CONCLUSION

19         IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 4) and the Motion to

20  Dismiss and Expunge Lis Pendens (ECF No. 18) are GRANTED.

21         IT IS SO ORDERED.

22  Dated this 24th day of October, 2011.

_____
ROBERT C. JONES
United States District Judge